# McWhorter v. Wilhoit et al.

Jan. 29, 1943.

O. B. Bertram and Geo. O. Bertram for appellant.

Philip Bertram and A. E. Funk for appellees.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

The material facts on which appellant predicates his cause of action are identical with those relied on by the unsuccessful appellant in the case of Wood v. Wilhoit, Banking and Securities Commissioner, et al., reported in 291 Ky. 175, 164 S. W. (2d) 478. Simultaneously instituted, the cases were heard together by the Chancellor who thus pointed out the particulars in which the allegations of the petitions varied:

"The negotiations with the plaintiff, Wood, were conducted by correspondence, he being in Florida at the time, and the request for assistance having been made by letter from Henry R. Turner. In response to this request the plaintiff, Wood, sent to Henry R. Turner his check for $10,000.00, and a copy of a letter from Henry R. Turner to the plaintiff Wood, is set out in this plaintiff's petition, in which Henry R. Turner says that upon 'your arrival home will fix my note to you.' In the petition of plaintiff, McWhorter, it is alleged that he was approached in March, 1938, by George R. Turner and Henry R. Turner and was advised by them that they had made arrangements with Wood to lend to Henry R. Turner for the bank the sum of $10,000.00 and after a discussion of the matter he then furnished George R. Turner a like sum which was paid over

to said George R. Turner for the bank. In both petitions it is alleged in substance that it was represented to plaintiffs that the bank was solvent and that when the deposits were insured the bank would be able to repay said amounts within 'a very short time' or 'a reasonable time.' In the McWhorter petition it is alleged that said Henry R. Turner and George R. Turner represented to McWhorter that 'In order to keep said matter off of the records of the bank that they would execute their individual note for the amount so furnished. In the Wood petition it is alleged that Henry R. Turner advised the plaintiff, Wood, 'that in order to keep said matter off of the bank records—that is, to keep it from appearing that the bank was obligated for said indebtedness, he would execute, together with the other directors and officers of the bank a note to plaintiff for the amount so furnished.' * * * It is further alleged that the $10,000.00 furnished Henry R. Turner by the plaintiff, Wood, and the $10,000.00 furnished George R. Turner, by the plaintiff, McWhorter, was deposited by them in the Citizens Union National Bank of Louisville to their individual credit and that each of them out of said sums so furnished them placed to the credit of the Bank of Campbellsville, the sum of $9,500 in the said Citizens Union National Bank.'' Bank.''

Appellant's counsel do not attempt to differentiate between the facts developed in the two cases. Neither do they advance any argument which was not fully considered by us in affirming the Chancellor's judgment dismissing Wood's petition. We perceive no reason for departing from the conclusions reached in so doing; from which it follows that the judgment in the present case must be affirmed.